UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TONY KETCHUM, individually and            *
on behalf of all others similarly situated, *
and APRIL KETCHUM,                        *     NO. _____
                                          *
        Plaintiffs,                       *
                                          *
v.                                        *
                                          *
SERVICEMASTER OF CHATTANOOGA,*
INC., BOBBIE WEST, and TERRY WEST, *
                                          *
        Defendants.                       *

## ORIGINAL COMPLAINT – COLLECTIVE ACTION

COME NOW Plaintiff Tony Ketchum, individually and on behalf of others similarly situated, and Plaintiff April Ketchum, by and through their attorneys, and for their Complaint against Defendants ServiceMaster of Chattanooga, Inc., Bobbie West, and Terry West would show unto the Court as follows:

**I.      PRELIMINARY STATEMENTS**

1.      Plaintiff Tony Ketchum, individually and on behalf of all others similarly situated, and Plaintiff April Ketchum bring this action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), for unpaid wages, including straight time and overtime compensation, liquidated damages, appropriate relief for unjust enrichment, prejudgment interest, civil penalties and costs, including reasonable attorney's fees, as a result of Defendants' practices and policies of willfully failing to properly pay all compensation, including straight time and overtime compensation due Plaintiffs and all other similarly situated employees, who work or worked at Defendants' locations.

2.      This matter is brought on behalf of the named Plaintiffs and the class of employees to be represented by Tony Ketchum. Plaintiffs were employed by Defendants as workers in the

1

cleaning business operated by Defendants. Defendants failed and refused to pay Plaintiffs for all hours worked and required overtime pay. Defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Tennessee has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §§1331 and 1337 without regard to the amount in controversy.

4. A substantial part of the acts complained of herein were committed and had their principal effect within the Chattanooga Division of the Eastern District of Tennessee; therefore, venue is proper within this District pursuant to 28 U.S.C. §1391.

## III. THE PARTIES

5. Plaintiff Tony Ketchum is an individual and resident of Rhea County, Tennessee. Plaintiff April Ketchum is an individual and resident of Rhea County, Tennessee.

6. At all times relevant to this Complaint, Plaintiffs were employed by ServiceMaster of Chattanooga, Inc. The other Defendants are the owners and operators of the business enterprise that employed Plaintiffs, and they were directly responsible for implementing the payroll practices complained of herein. They too are deemed employers of Plaintiffs under the FLSA. Defendants' business was in, and/or affected, interstate commerce, and at all times material they were subject to the minimum wage and overtime provisions of the Fair Labor Standards Act, as amended.

7. Defendant Terry West is the agent for service of process for ServiceMaster of Chattanooga, Inc.

8. Defendants employed Plaintiffs during the three-year period prior to commencement of this civil action to clean various premises owned or otherwise occupied by clients of Defendants. These premises were located throughout the Chattanooga area.

9. Plaintiffs would ordinarily report to Defendants' place of business on McCallie Ave. in Chattanooga. Sometimes, but not always, Plaintiffs would perform work at that location.

On some occasions, Plaintiffs would report to work directly at the premises location of their first cleaning assignment.

10. When work at a particular location was complete, Plaintiffs were required to move from premises location to premises location; but they were not paid for the hours worked by them in traveling from one premises location to another.

11. When Plaintiffs finished cleaning the last premises location on their schedule, their workdays did not end. Rather, Plaintiffs travelled to their home in Rhea County where they washed and dried the cleaning cloths. They then took those cloths back to Defendants on the next day. The time required to travel to Rhea County, the time required to wash and dry the cleaning cloths, and the time required to drive those cleaning cloths to Defendants' places of business constituted hours of work for which the Plaintiffs were not paid as required by law.

## IV. CLAIMS

### A. Individual Claim for FLSA Overtime Violations

12. 29 U.S.C. §207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week.

13. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

14. Defendants knew or should have known of its obligation to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

### B. Collective Action Claims for Violation of the FLSA

15. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

16. In addition to his individual claims against Defendants, Plaintiff Tony Ketchum brings claims for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period.

3

17. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

> **All current and former hourly paid employees of Defendants who cleaned premises owned or occupied by customers of Defendants during the three-year period prior to commencement of this civil action.**

18. Pursuant to 29 U.S.C. §216(b), FLSA claims may be pursued by those who opt-in to this case.

19. The number and identity of other plaintiffs to opt-in and consent to be party-plaintiffs may be determined from the records of Defendants, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

20. Defendants knew or should have known of their obligation to pay the Putative Class Members at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

### C. Gap Time

21. In the event that in some weeks the Plaintiffs, either of them, or members of the collective class, worked fewer than 40 hours but were not paid at their contract rate for all hours worked, Defendants would be unjustly enriched unless the Court ordered compensation to be paid for each heretofore unpaid hour of work at the contract rate applicable to each Plaintiff.

22. The actions of Defendants complained of herein were willful.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tony Ketchum, on behalf of himself and all on behalf of all others similarly situated, and Plaintiff April Ketchum respectfully pray for declaratory relief and damages as follows:

a. That Defendants be summoned to appear herein and answer hereto within the time prescribed by law;

b. That upon Motion, the Court approve a collective action, providing for an appropriate notice to all class members, inviting them to opt-in as Plaintiffs in this case;

c. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the applicable regulations;

d. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

e. Judgment for damages for all unpaid straight time and overtime compensation due to Plaintiff Tony Ketchum, all others similarly situated to him, and Plaintiff April Ketchum under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516, *et seq.*;

f. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations in an amount equal to all unpaid straight time and overtime compensation owed to Plaintiffs and Putative Class Members during the applicable statutory period;

g. Appropriate monetary relief for all sums by which the Defendants have been unjustly enriched by the unlawful conduct described herein;

h. An order directing Defendants to pay Plaintiffs and Putative Class Members prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

i. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

BURNETTE, DOBSON & PINCHAK

By: _s/ *Frank P. Pinchak*_
    Frank P. Pinchak, BPR No. 002094
    Scott N. Davis, BPR No. 02013
    Attorneys for Plaintiffs
    711 Cherry Street
    Chattanooga, TN 37402
    Phone: (423) 266-2121
    Fax: (423) 266-3324
    fpinchak@bdplawfirm.com
    sdavis@bdplawfirm.com

WAGNER & WAGNER

By: _s/ Richard C. Wagner_
    Richard C. Wagner, BPR No. 06507
    Attorneys for Plaintiffs
    701 Market St., Suite 1418
    Chattanooga, TN 37402
    Phone: (423) 266-8816
    Fax: (423) 267-2997
    rcw@wagnerinjury.com